J. B. BENNETT v. WESTERN UNION TELEGRAPH COMPANY.

(Fied 27 May, 1910.)

**Foreign Corporations—Process—Limitation of Actions—Plea.**

> Public-service corporations chartered in other States, but doing
> business in this State, upon whose agents service of proofs may
> be made, have the legal right to plead the statutes of limitation
> to the same extent and under the same conditions as citizens
> and corporations of this State. *Volivar v. Cedar Works, ante,*
> 656, is decisive of this case.

APPEAL from *W. J. Adams, J.,* at Fall Term, 1909, of ANSON.

Civil action for damages for personal injury, alleged in the
complaint to have been received in Savannah, Georgia, in May,
1901. These issues were submitted:

1. Was the plaintiff injured by the negligence of the defend-
ant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff by his own negligence contribute to his
injury, as alleged in the answer? Answer: No.

3. Did the plaintiff voluntarily assume the risk of the work
he was doing at the time he was injured, as alleged in the an-
swer? Answer: No.

4. Is the plaintiff's cause of action barred by the statute of
limitations? Answer: No.

5. What damages, if any, is the plaintiff entitled to recover?
Answer: $300.

From the judgment rendered, the defendant appealed.

*Robinson & Caudle* for plaintiff.
*Tillett & Guthrie* for defendant.

BROWN, J. The defendant requested the court to instruct
the jury that upon the allegations of the complaint and the
plaintiff's testimony, as well as all the evidence, the action is
barred by the statute of limitations.

This question has been fully considered at this term upon
petition to rehear the case of *Volivar v. Richmond Cedar
Works, ante,* 656. The disposition of that case upon rehear-
ing controls this.

The prayer for instruction should have been given and the
jury directed to answer the fourth issue Yes.

Error. Reversed.